## Muldoon v. Cheltenham Township

*High, Dettra & Swartz*, for petitioner.
*Dennis A. O'Neill*, contra.

CORSON, J., July 12, 1935.—As the result of a petition by Joseph Muldoon, this court, on January 5, 1934, appointed three members of the board of viewers as a jury of view to view and assess damages sustained by Joseph Muldoon as the result of the erection of a bridge on Second Street Pike in the Township of Cheltenham. On October 5, 1934, the Township of Cheltenham filed a petition to revoke this appointment, and, upon such petition, a rule was granted upon the plaintiff to show cause, etc.

It is admitted by the Township of Cheltenham that the bridge in question is a township bridge, and that under the Act of June 24, 1931, P. L. 1206, sec. 1907, the township is liable for damages caused by the construction. The township contends, however, that since Second Street Pike is a State highway, damages caused by the change of grade in the approaches to the bridge should be paid by the county in accordance with the provisions of the Acts of June 26, 1931, P. L. 1388, and April 13, 1933, P. L. 41, which provide that damages to abutting owners caused by the construction or reconstruction of any State highway are to be paid by the county.

The question to be decided therefore would seem to be whether or not the fact that a State highway runs over the township bridge and the approaches thereto changes the liability of the township for damages caused by the erection of such bridge and its approaches from the township to the county. We feel that, as the bridge in the present case is admittedly a township bridge, the mere fact that it forms part of a State highway system cannot change the liability of the township to erect and maintain such bridge. If this be true, the remaining question is whether or not the approaches shall be treated as part of the bridge, because in the present case the damages sought by Muldoon are alleged to have been caused by the change in the grade of the approach to the bridge.

It has been decided by the appellate courts of Pennsylvania that the approaches to a bridge are part of the bridge itself and must be included in the cost of such bridge: Terminal Coal Co. v. P. R. R. Co., 291 Pa. 103, 109; Westmoreland Chemical & Color Co. v. Public Service Comm., 294 Pa. 451, at page 462. Since, therefore, the approaches are part of the bridge, and the township is liable for the damages caused by the erection of the bridge, we feel that the township is therefore liable for damages caused by the erection of the approaches, which are part of such bridge.

And now, July 12, 1935, for the reasons given, the rule upon the petitioner to show cause why the appointment of the jury of view should not be revoked is discharged, and the petition to revoke such appointment is refused. An exception is allowed the Township of Cheltenham.